# Johnson v. Scoggins.

## Garnishment.

(Decided May 200, 1909.  49 South. 785.)

*Garnishment  Proceedings; Right of Defendant to Judgment against Garnishee.*—Where a garnishment is run in favor of a plaintiff against a supposed debtor of the defendant, and the garnishee answers, "not indebted" and the defendant filed a contest to the answer, as he may do under certain conditions, the defendant is not entitled to judgment against the garnishee, for the balance claimed to be due to him when plaintiff's judgment against the defendant had not been satisfied.  (Sec. 4327, Code 1907.)

APPEAL from Coffee County Court.

Heard before Hon. H. H. BLACKMAN.

Action by the Rainor Mercantile Company against J. W. Scoggins, with garnishment against J. J. Johnson. There was judgments for plaintiff against the garnishee, and against the garnishee in favor of defendant, and the garnishee appeals.  Reversed and remanded.

The Rainor Mercantile Company, having recovered a judgment against J. W. Scoggins, issued garnishment on said judgment against J. J. Johnson.  Johnson denied that he was indebted in any way or manner to Scoggins, whereupon Scoggins, the defendant in the garnishment, contested the answer, setting up the fact that Johnson

[Johnson v. Scoggins.]

owed him $800 for the breach of a contract to perform work and labor upon a certain dwelling house at a certain sum per day for a period of about eight months, and that without fault on defendant's part he discharged him, after working him a week. The court found that Johnson was indebted to Scoggins in the sum of $385.50, $24.88 of which was condemned to the garnishment for the satisfaction of the Rainor Mercantile Company's debt, and there was judgment for Scoggins against Johnson for the sum of $360.50.

W. O. MULKEY, for appellant.—The judgment in favor of the plaintiff which was by default was erroneous since no grounds of contest had been filed.—*Sun I. Co. of New Orleans v. Aberdeen Clothing Co.,* 47 South. 722. A judgment rendered on a contest of an answer by plaintiff would not be binding or in any way affect the defendant.—*Cross v. Stillman,* 93 Ala. 170. The defendant cannot contest except in contingencies clearly implied in the statute which was not this case. The amount claimed was in excess of the jurisdiction of the court.— *Reese v. Bessemer Co.,* 42 South. 656.

J. F. SANDERS, for appellee.—The defendant had a right to contest under section 2187.—*Cross v. Stillman,* 93 Ala. 172. See also the following cases.—*Twelves v. Lovano,* 15 Ala. 732; *Graves v. Cooper,* 8 Ala. 811. On this appeal the appellant can only avail himself of errors which would render the judgment void.—40 Ala. 247; Ib. 596; 28 Ala. 390.

ANDERSON, J.—While the statute gives a defendant the right, under certain conditions, to contest the answer of a garnishee, and section 4327 of the Code of 1907, authorizes a judgment for the defendant, yet he is

[Lawrence, et al. v. Stone.]

not entitled to a judgment unless the judgment of the plaintiff against him has been satisfied. In other words, the statutes contemplates a judgment for the defendant only after he has satisfied the plaintiff's judgment against him (the defendant). The judgment of the plaintiff against the defendant not having been satisfied when the judgment in favor of the defendant against the garnishee was rendered, the action of the court in rendering the same was error.

The judgment of the county court is reversed, and the cause is remanded.

Reversed and remanded.

DOWDELL, C. J., and MCCLELLAN and SAYRE, JJ., concur.